STATE, HOBOKEN LAND AND IMPROVEMENT COMPANY ET AL., PROSECUTORS, v. CITY OF HOBOKEN.

1. The act of legislature of March 21st, 1874, (*Pamph. L., p.* 402,) annexing a portion of Weehawken township to Hoboken, exempting the territory annexed from any tax for prior indebtedness incurred by said city, excepting certain bonds, after assent filed by a majority of the property-owners of said territory and payment of a certain sum of money, is, when executed by them, in the nature of a contract, and these lands cannot be assessed by ordinance, for the principal or interest of bonds thereafter issued for satisfaction of such prior indebtedness.

2. Improvement certificates issued under the charter, for work done in streets in Hoboken before annexation, are within the exemption; and bonds issued after the annexation by authority of an act prior thereto, to pay judgments reserved on these certificates, are not chargeable by taxation on the lands annexed.

On *certiorari* in matter of taxation in eleven cases like the above, except as to the names of the prosecutors, and but one return ordered to be made for all, by consent.

Argued at June Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutors, *Leon Abbett.*

For the defendants, *M. W. Nevin.*

The opinion of the court was delivered by

SCUDDER, J. By act of the legislature, approved March 21st, 1874, (*Pamph. L., p.* 402,) a portion of the township of Weehawken, in the county of Hudson, was set off and annexed to the city of Hoboken. By the third section of this act it was enacted, among other things, that the portion of the territory of the township of Weehawken set apart from said township and annexed to the city of Hoboken by the first section of the act shall be liable to taxation the same as other property in the city of Hoboken, unless within thirty days from the passage of that act the owners of a majority in value or area of the territory so set apart and annexed shall file their assent to the act with, and pay the sum of $500 to the treasurer of the city of Hoboken; and the payment of said sum shall be in lieu and satisfaction of all tax or imposition that may hereafter be levied to pay the principal or interest of any indebtedness heretofore incurred by the city of Hoboken, for any purpose whatever, except as hereinafter mentioned, and upon the territory so set apart and annexed no tax shall hereafter be levied to pay all or any part of the in-

State v. City of Hoboken.

debtedness heretofore incurred by the city of Hoboken, or any interest thereon, excepting that indebtedness of the said city of Hoboken represented by the so-called water bonds and so-called park improvement bonds of the said city of Hoboken, together with the interest thereon; and the city authorities of the city of Hoboken shall hereafter so apportion the taxes of said city, that no tax for any portion of the indebtedness heretofore incurred by said city before the passage of this act, excepting as aforesaid, shall ever be levied upon or collected from the territory so set apart and annexed to said city by this act.

In brief, this tax exempts the territory annexed to Hoboken from all tax to pay the prior indebtedness of Hoboken, except for principal and interest on the so-called water bonds and park improvement bonds, on the condition that the owners of a majority in value or area of the territory set apart shall file their assent and pay $500 to the city treasurer within thirty days from the passage of the act. It is agreed that this condition has been complied with and the money paid. It is also proved that the prosecutors in these several writs have been assessed both as to their lands within this district, and as to their personal property, for taxes in the year 1879, to pay their proportion of interest on Hoboken city bonds, series A, dated December 1st, 1878, $24,360, and interest on Hoboken city bonds, series B, dated February 1st, 1879, $5625.

These bonds were issued, and sold to raise money to satisfy certain judgments which had been obtained on improvement certificates, issued October 16th, 1873, for work done on Eighth, Twelfth, Thirteenth, Fourteenth and Fifteenth streets, prior to the annexation of the prosecutors' lands to Hoboken. An act of the legislature was passed March 5th, 1874, (*Pamph. L., p.* 402,) which took effect immediately, and was therefore prior to the act of annexation of March 21st, 1874, that in case any judgment or judgments should be thereafter recovered against the city of Hoboken for any indebtedness or liability existing against the said city at the time of the passage of the act, coupon bonds might be issued for an amount sufficient to

pay such judgment or judgments, for times and upon certain restrictions on sales therein specified; and the corporation were authorized to pledge the property and credit of the city for the payment of the same.

The improvement certificate bonds above mentioned, series A and series B, were issued December 1st, 1878, and February 1st, 1879, respectively, and an ordinance was passed June 25th, 1879, assessing a tax for payment of interest on these bonds, among the other debts of the city, and directing that it should be assessed on all the real estate, chattels, and other property and things taxable by law in said city.

There can be no question that the personal property of the prosecutors is taxable, for the act exempts only the territory annexed, not the persons residing on it or taxable within it, or their personal property. Such exemptions from general taxation are always construed strictly for the benefit of the public.

The other question remains to be considered, whether the real estate of the prosecutors is taxable for principal and interest on these improvement certificate bonds, and it is a serious matter for them now and in future taxation, for they represent an indebtedness of over $500,000.

The case shows that the lands of the prosecutors which are now claimed to be liable for this tax were transferred without their consent, to the territorial limits of another corporation burdened with a large debt, and they were told in the act that their property thus transferred should be liable to taxation, the same as other property in Hoboken, unless within thirty days they assented to the annexation and paid $500; and if they did this they were assured they should be saved from any tax for prior indebtedness.

They did what they were bidden to do to save themselves from this imposition, and having fully executed their part of the arrangement, they may stand on the inviolability of the promise, given them with legislative sanction, that no other tax for such prior indebtedness, with the two exceptions therein reserved, shall ever be imposed upon them.

The language of the law on this subject is that of honesty and fair dealing. A contract with a corporation once made is the same as a contract with an individual. Both are equally within the protection of the constitutional provision. Neither can be impaired except by compact and agreement of the parties founded on a sufficient consideration, and the original obligation remains intact except so far as altered by mutual consent. *State* v. *Comm'rs of R. R. Taxation,* 8 *Vroom* 240–249.

The property-owners have paid the full consideration required; the municipal corporation has taken their lands for all corporate purposes, with the one exception of exemption from prior taxation, and in two cases has received their money; it cannot, therefore, be permitted to retain the consideration and revoke the agreement made for it by the act of the legislature.

But it is further argued these bonds given for the payment of the judgments on these prior improvement certificates are not within the terms of exemption in the statute, that the words, " indebtedness heretofore incurred," do not cover these bonds. To use the words of the defendants' counsel, they contend that the word " indebtedness" as used in the annexation act, comprehends only the bonded indebtedness; that this is indicated by the context referring only to bonded indebtedness, namely, water bonds and park improvement bonds; and also by reference to interest, showing that it was something for which the city was liable to pay interest. From this it is deduced that these improvement certificates were not then considered a debt, that they were but a contingent liability, not a fixed debt until they failed to collect the assessment.

In the case of *Knapp* v. *Hoboken,* 9 *Vroom* 371, it was argued that these certificates were of no other legal effect than agreements to pay the amounts stated out of moneys raised by assessments upon lands benefited, but the court held that under the charter the holders of these certificates may look to the general funds of the city for their pay, and the city may reimburse itself by assessments against the property-owners,

so far as the benefits assessed will go in payment; the right to demand payment of the city being suspended for two years to enable it to collect the assessments from property benefited by improvements.

It is also objected that these certificates were converted into judgments, that these have been satisfied by cash payments, and a new debt has been created by the bonds issued to raise this money, which is chargeable on the entire city. But it is not permissible thus to separate these bonds from the purpose for which they were issued. They exist only because of the prior debt of the city; the consideration for which they were given was a part of the indebtedness from which these prosecutors were exempt, and it does not appear that there was any other. The changes that were made were mere alterations in the evidences of indebtedness, first the certificates, then the judgments, then the bonds to raise money to pay the judgments, without any change in the real considerations. The city has continued a debtor throughout on this account. To say that these prosecutors can be charged by shifting this debt from one kind of securities to another, would be a plain evasion of the letter and spirit of the contract between them and the city, by which they were to be exempt from the payment of this prior indebtedness. By the act of March 5th, 1874, these bonds were only to be issued and used for the satisfaction of judgments for any indebtedness or liability existing against the city at the time of the passage of that act. They are thus connected with the prior debt and the prosecutors are exempt from their payment.

There is no force in the attempt to construe the exemption in the act of annexation of March 21st, 1874, so as to apply only to a bonded indebtedness. The act says that there shall be a satisfaction of all tax that may be thereafter levied to pay the principal or interest of any indebtedness theretofore incurred. The words are principal or interest, and any indebtedness, and two forms of bonds are excepted from this general classification of any indebtedness; by no construction

can the exception of certain bonds be held to limit the application of the former clause to a bonded indebtedness only.

The tax against the prosecutors must be reduced by deducting from the assessment of their lands annexed to Hoboken by the act of 1874, any part or proportion of the above-named sums of $24,360 and $5625, directed to be raised by the annual tax ordinance of 1879, for interest on Hoboken city bonds, series A, dated December 1st, 1878, and series B, dated February 1st, 1879; the residue of the tax is affirmed, without costs to either party.